LLOYDS AMERICA *v.* HARRISON, INSURANCE COMMISSIONER.

4-4524

Opinion delivered February 8, 1937.

*Ed Trice,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

BUTLER, J.   The appellant is a "Lloyds" organization chartered under the laws of Texas with its principal office in the city of San Antonio, Texas.   It is authorized by the laws of Texas to conduct a general insurance business with the exception of life insurance.   On the 12th of March, 1936, it applied to the insurance department of this state, on forms prescribed by said department, for a certificate authorizing it to do business in Arkansas, and offered to comply with the laws relating to foreign insurance institutions desiring to do business in this state.

Without any investigation of the solvency of the applicant or its responsibility as an insurer, the Insurance Commissioner declined to issue the certificate on the theory that under the laws of this state the operation of the applicant would be prohibited.   The appellant, thereafter, filed its petition in the circuit court of Pulaski county, second division, for a writ of mandamus to com-

pel the appellee to consider the appellant's application upon its merits, and, that upon appellant paying the fees which might be exacted, to issue to appellant a certificate of authority permitting it to engage in the business of writing miscellaneous casualty insurance in this state.

The petitioner alleged its organization under the laws of the state of Texas, the nature of its business, and its plan of operation. It filed a summary of its assets and liabilities as shown by the statement on file with the Board of Insurance Commissioners of its parent state. From this statement it appears that it had admitted assets amounting to $580,619.71; that it has a reserve liability of $154,000.91, a policyholders surplus of $209,-611.16, and on deposit with the treasurer of the state of Texas, subject to the joint control of its attorneys in fact and the Board of Insurance Commissioners of the state of Texas, securities of the kinds in which insurance institutions are permitted to invest to the amount of $118,000.

The appellant alleged that its organization is composed of individuals, partnerships, and associations of individuals, designated "underwriters," who, through their duly appointed attorneys in fact, make and perfect insurance contracts; that in the formation of the organization each of the underwriters is required by the laws of Texas to contribute in cash, bonds, stock or other securities, a sum equal to fifty per cent. of its subscription, the balance thereof being evidenced by a demand note subject to the call of the attorneys in fact. The petition further alleged that the status of underwriters is analogous to that of stockholders in a stock company in that both stockholders and underwriters are liable to the amount of their subscription, and its policyholders occupy the identical status of policyholders in a stock company.

The petition stated that the territory in which the appellant organization is permitted to do business includes the states of Texas, Georgia, Indiana, New Mexico, Tennessee and Oklahoma; that it is desirous of entering the state of Arkansas to engage in a casualty insurance business, specializing in automobile, commer-

cial and pleasure car insurance; that it has made application to the Insurance Commissioner for a certificate of authority to do a miscellaneous casualty insurance business in this state, offering to pay all fees and taxes which might rightfully be demanded, to make and file a qualifying bond such as other insurance companies and associations engaged in writing casualty lines of insurance are required to file, and to comply in all respects with the general laws of this state; that the Insurance Commissioner of this state has arbitrarily refused to grant the petitioner a certificate of authority to do business herein, as petitioner is advised, solely on a mistaken view of the laws of this state. The petition concluded with a prayer for writ of mandamus directed to the Insurance Commissioner, upon petitioner's compliance with the general insurance laws of the state, and the payment of fees properly chargeable, to issue a certificate of authority.

The Insurance Commissioner filed his demurrer to the petition alleging that the petitioner is an insurance organization organized and permitted to do business under special statute in effect in the state of Texas, commonly known as "Lloyds America"; that said organization does not have any capital stock, is not a legal reserve mutual company nor is a class of insurance or organization which is permitted by the statutes of Arkansas. In support of the demurrer, the Insurance Commissioner set out § 5977 of Crawford & Moses' Digest which provides: "No insurance company shall be allowed to transact business of insurance in this state until it shall have a *bona fide* subscribed capital of not less than $100,000, with a paid-up capital of not less than $50,000."

The petition was heard by the trial court upon its allegations, the demurrer thereto, and an agreed statement of facts. The demurrer was sustained, the court finding as a matter of fact that the Insurance Commissioner did not arbitrarily, or in denial of petitioner's rights, refuse to grant its application, and to issue to it a certificate of authority.

We have no statute expressly prohibiting a Lloyds organization from doing business in this state, but it is insisted by appellee that this is the effect of the statute

relied upon, and of act No. 493 of the Acts of 1921. Appellee insists that Lloyds America is an insurance company within the meaning of our laws.

The appellant has presented an able argument in support of the contrary view, but we agree with the appellee that appellant is in fact an insurance company, and it is the nature of the business which it transacts, and not the name by which it may be called, which controls. *Casualty Reciprocal Exchange* v. *Bounds,* 191 Ark. 934, 88 S. W. (2d) 836. The allegations of the petition and the agreed statement of facts make it clear that appellant is nothing more nor less than an insurance company.

The appellee contends that appellant being such, § 5977, *supra,* prohibits its doing business in this state, for it is admitted that it has no capital stock, and is not an old line insurance company. The section referred to, however, does not require that an insurance company shall have capital stock of not less than $100,000, and with paid-up capital stock of not less than $50,000. The word "capital" is used and not "capital stock," and we agree with the appellant that the word "capital" relates to the capital structure, and that if it has available capital of $100,000, $50,000 of which is paid in, it may do business in this state although it may not have capital stock.

We find nothing in the Act of 1921, *supra,* which, by any reasonable construction, could be deemed to prohibit the doing of business in this state by any association such as is the appellant organization. It is true, associations of this character are not mentioned by name, but when the act is considered in its entirety together with the purpose for which it was enacted, there is nothing in it to imply prohibition. Prior to the passage of that act there was no specific mention of mutual life insurance companies. We know, as a part of the history of the state, that such companies although they have no capital stock have been doing business in Arkansas for many years, and it has never been suggested that although they have no capital stock they come within the prohibition of § 5977, *supra.*

It follows from the views expressed that the court below was in error in denying the prayer of appellant's

580

petition. The judgment will therefore be reversed, and the cause remanded with directions to award the writ.